### ERASTUS WATROUS *vs.* HORACE STEEL.[*]

WASHINGTON
*March,*
1829.

When one enters a store or other place of public resort, the owner or occupier, after requesting him to depart, may lawfully use all necessary force, short of actual striking, to put him out.

But where W entered a book-store with license from the owner, and conducted himself peaceably, and S, who was a partner of the owner, and had a right to the possession in common with him, seeking for an occasion to lay hands on W, for the purpose of injuring and abusing him, used insulting language to irritate and provoke him, and requested W to leave the store ; and W refusing to depart, S assaulted him and forced him towards the door,—it was held that S was liable in trespass for the assault.

*Trespass* for an assault and battery. Plea, *not guilty* as to all the trespass, except the assault and battery, and a justification of that in defence of the defendant's possession. Replication, that the trespass was committed of the defendants own wrong, and without the cause assigned ; on which issue was joined.

On the part of the plaintiff, Daniel Bates testified, that in March, 1827, the plaintiff went into the book store of Geo. W. Hill & Co. and sat down, and soon fell asleep ;—that the defendant spoke to him, but the plaintiff did not hear ;—that the defendant spoke to him again, and told him he had found an article in a newspaper which suited his and Lewis's case ;—that the plaintiff, after hearing the article read, asked the defendant if he thought it applied to his case ; and the defendant said he did ;—that the plaintiff asked him if he knew the facts, and the defendant said he did ; that he had heard them from Lewis, and would believe him sooner than the plaintiff, for Lewis had never falsified his word to him as the plaintiff had ;—that the plaintiff told the defendant he had never falsified his word to him, and if he reported such a story, it was false ;—that the defendant told the plaintiff he should leave the store, and the plaintiff said he should not for him ; —that the defendant told the plaintiff he lied, and the plaintiff said the defendant lied ;—that the defendant said, if he repeated the words, he should leave the store ; and the plaintiff told the defendant not to lay his hands on him again, for he should not leave the store for him ; and that the witness heard a noise and scuffle, and, on turning round, saw that the plaintiff had been forced nearer the door than before. The plaintiff also produced and read the deposition of Geo. W. Hill, which was as follows :

" I, Geo. W. Hill, of Montpelier, in the county of Washington, State of Vermont, of lawful age, do testifiy and say, that on or about the 30th day of March, 1827, as I came into the office, Mr. *Steel* inquired of me if I had seen Esqr. *Watrous*. I told him I

[*] This case and the preceeding one ought to have been published in the second volume of these Reports, but not having been furnished in season, they could not be inserted before.

WASHINGTON had not. He said he was looking for me. I inquired if he knew
March, what he, *Watrous*, wanted. *Steel* said he had had some difficul-
1829. ty with him. Immediately *Watrous* came in. He appeared
Watrous considerably excited; inquired of me if I calculated to have peo-
*vs.* ple insulted and abused in the store; and claimed protection. I
Steel. told him I wished to have people treated civilly there, and that he
was in no danger. I then inquired into the affair, and they, *Wat-
rous* and *Steel*, went on to relate the circumstances which led to
the difficulty, the particulars of which I do not now fully recol-
lect, but, as near as I can, are as follow:—*Steel* was looking
over the papers of the day, found an article to which he called the
attention of *Watrous*, and said, it was an article for him, which
was read on the request of *Watrous* by *Steel*. *Watrous* then in-
quired why for him. *Steel* replied, it was analogous to his case
with Lewis. *Watrous* then said he had understood that *Steel*
had censured him for suing Lewis, and asked him where he had
his information respecting it, and said you had it from Lewis, I sup-
pose. *Steel* answered, he had, and from others. *Watrous* then
said, you believe all that Lewis says, I suppose. *Steel* answered
he did, as he had had considerable acquaintance with him, and
he, Lewis, had never falsified his word to him, and that he, *Wat-
rous*, had concerning the brick house. *Watrous* then charged
*Steel* with falsehood. *Steel* then told him not to repeat it again
in the store. He, *Watrous*, then repeated it, and *Steel* told him to
go out: *Watrous* refused; and *Steel* took hold of *Watrous'* cloak
which was over him."

It appeared further from the deposition, that Mr. Hill, on being
further interrogated and cross-examined, said he had, some time
before the affray, given *Watrous* liberty to call at the store, and
read the news-papers; that a circulating library was kept there,
and *Watrous* was a subscriber to it; that he, the witness, and
*Steel* were partners in the printing and book-selling business;
that *Steel* had the charge of the book-store generally, and it was
his duty to keep order there, and transact the business of the
company. Edward Lamb testified that at the time of the alleged
trespass the plaintiff was sick and declining with a consumption.

On the part of the defendant, Francis Clark testified, that the
plaintiff came into the book-store and sat down, while the defen-
dant was reading newspapers;—that the defendant spoke to the
plaintiff, and said he had found a piece that applied to his and
Lewis's case;—that the plaintiff, being asleep, did not hear him,
and the defendant spoke again, and the plaintiff said he should
like to hear the piece read; and, after hearing it, asked the de-
fendant if he thought it applied to his case;—that the defendant
said he did; that he had heard Lewis's story, and would believe
him, for he had never falsified his word to him as the plaintiff had;—

that the plaintiff asked wherein he had falsified his word, and the Washington March, 1 29.

Watrous vs. Steel. defendant said as to the brick house; on which the plaintiff said it was false ;—that they then contradicted each other, and the defendant told the plaintiff he should leave the store.

The court directed the jury, amongst other things, that if the plaintiff was in the book-store making a noise or disturbance, the defendant, after requesting him to depart, might lawfully use all necessary force, short of actual striking, to put him out; but although the defendant had such right, yet as the plaintiff entered the store by license, if the jury found that he was conducting himself peaceably and making no disturbance there, and that the defendant was the aggressor, and used insulting language to the plaintiff to irritate and provoke him, they would inquire—although the defendant requested him to leave the store, and he refused—whether the assault was made upon the plaintiff to remove him from the store and in defence of his possession, or whether it was done without such intent, and the occasion was sought by the defendant to lay hands upon the plaintiff for the purpose of injuring and abusing him. If they found that the assault was committed for the former cause, they would return a verdict for the defendant; if for the latter purpose, the defendant's plea of justification was not supported; and they would find such damages for the plaintiff as they thought he deserved to have. The jury returned a verdict for the plaintiff.

The defendant having filed exceptions, the cause was ordered to pass to the Supreme Court.

Turner, J., delivered the opinion of the Court.—The jury have found the facts in this case under the directions of the court, and we are now to inquire whether those directions were in accordance with the principles of law relating to the subject. If the charge was not according to law, the verdict must be set aside, and a new trial granted : but if the charge was right, the judgement must be affirmed ; for we cannot interfere with the facts found by the jury.

The case states that the plaintiff entered the book-store with the permission or license of the legal owner, and that the defendant made an assault on him. The defendant justifies on the ground that he had a right to occupy and control the store in common with the owner, and that the plaintiff was abusing the privilege which had been granted him. It is a well settled principle, that the occupant of any house, store, or other building, has a legal right

WASHINGTON
March,
1829.

Watrous
vs.
Steel.

to control it, and to admit whom he pleases to enter and remain there ; and that he has also a right to expel any one from the room or building who abuses the privilege which has been thus given him ; and if the occupant finds it necessary, in the exercise of his lawful rights, to lay hands on him to expel him, he can legally justify the assault. But no man can invite or permit another to enter his dwelling for the purpose of abusing or assaulting him ; and if a person enter lawfully, the owner or occupier is not permitted to irritate or insult him for the purpose of having an occasion to abuse him, or as an excuse for assaulting him : in either case his plea of justification will be unavailing. It is a correct maxim, that no man shall take advantage of his own wrong. We are satisfied that the charge of the county court was right ; that is, if the defendant irritated and abused the plaintiff in his language for the sake of having an affray with him, the defendant's plea of justification is unavailing ; otherwise, the plea is sufficient.

Judgement affirmed.

*Merrill & Upham*, for plaintiff.
*Smith & Peck*, for defendant,