## BROTHERS *v.* MORRIS.

### *Justification of Assault and Battery.*

In trespass for assault and battery, it appeared that defendant, being in possession of a counting-room, forcibly removed plaintiff therefrom. *Held,* that if defendant had a legal right to remove him, and laid hold of him for that purpose, and in removing him used no unnecessary force, he was justified, whatever his motive.

And if the court in its charge presents defendant's motive as the hinge on which the case is to turn, it cannot be presumed that that defect was cured in another part of the charge.

TRESPASS for assault and battery.. Pleas, the general issue, and a special plea in bar, alleging that the plaintiff was unlawfully in the counting-room of which the defendant was lawfully possessed, making a great noise and disturbance, and obstructing the defendant in the performance of his lawful duties, and that the defendant thereupon requested him to depart, which he refused to do, whereupon the defendant gently laid his hands upon him in order to remove him from said room, and did remove him therefrom. Replication, *de injuria*, and joinder. Trial by jury, December Term, 1876, POWERS, J., presiding.

The facts are sufficiently stated in the opinion.

The court charged, among other things, as follows :

What was the conduct of the plaintiff in the office towards the defendant, and what was the conduct of the defendant towards the plaintiff? The solution of that question may serve to determine this whole matter. · It may serve as a hinge upon which this whole thing turns. And, in order to determine precisely what the real fact was, you have the right to consider the prior rela-

Brothers *v.* Morris.

tions of the parties. How did they stand towards each other—
in a friendly or unfriendly attitude ? Was the visit of the plaintiff
a visit in good faith for a lawful purpose ? Was it, on the other
hand, a visit for the purpose of inviting a controversy ? And on
the part of the defendant, what he said and did, was he in any
way actuated by any prior hostile feeling then operating on his
mind ? Did he at that time, in what he did, make the claim that
he was defending his possession for the purpose of venting his
spite and violence upon the plaintiff ? If he was, then he is not
justified, because he says in his plea that he used this violence to
defend his possession. But if he only used the possession as a
cover for his malice, and used this violence maliciously towards
the plaintiff, he cannot then go behind this claim of a defence of
possession and be justified. It must be an honest defence — just
what he says it is. It must be honest as a defence of the posses-
sion, and not a mere malicious, inexcusable assault upon the
plaintiff.

To that portion of the charge, the defendant excepted. Verdict
for plaintiff.

*S. E. Pingree* and *W. C. French*, for defendant.

I. No question was made at the trial, and probably none will
be made, as to the right of the defendant, under the circum-
stances as detailed by the defendant's testimony, to order the
plaintiff out of the factory, and upon his neglect or refusal to go,
to put him out, using no more force than necessary for that pur-
pose. Defendant had the care and management of the factory ;
and unless he had such right, the plaintiff might, by his conduct,
very much hinder the operations of the factory, and the ability of
the defendant to properly see to and manage the same. This
would seem to be a well-established principle. 1 Hilliard Torts,
207 ; *Collier* v. *Hicks*, 2 B. & Ad. 663 ; *Commonwealth* v. *Clark*,
2 Met. 23 ; *Commonwealth* v. *Power*, 7 Met. 596 ; *Weaver* v.
*Bush*, 8 T. R. 78.

II. The question made on the exceptions is, whether the court
charged the jury correctly as to defendant's right to expel the
plaintiff, under the circumstances, as affected by his *motive*. It is
a clear principle of law, that however malicious a man's motive

may be in what he does, if it is what the law permits and he has a right to do, the motive will not control or affect the exercise of a legal right. The *right* governs and not the *motive*. *South Royalton Bank* v. *Suffolk Bank*, 27 Vt. 505 ; *Chatfield* v. *Wilson*, 28 Vt. 49 ; s. c. 31 Vt. 358 ; *Mahan* v. *Brown*, 13 Wend. 261.

*Hunton & Stickney* ( *W. E. Johnson* and *S. M. Pingree* with them), for plaintiff.

If there is an error in the part of the charge to which exception was taken, it is because there was no evidence in the case which called for such a charge. *Watrous* v. *Steele*, 4 Vt. 629. If there was any evidence tending to show that the defendant put the plaintiff out on account of his personal feeling, and not with the honest purpose of defending the possession, then there is no error.

There are facts and circumstances bearing on the question which were uncontradicted, and others to which there was a conflict of testimony. For the purpose of this hearing, the latter are to be treated the same as the former.

The opinion of the court was delivered by

PIERPOINT, C. J. The only question involved in this case arises upon the charge of the court. It appears from the exceptions, that the defendant was the president of a corporation known as the Ottauqueechee Woolen Company, which owned a factory building at North Hartland, and manufactured goods there, having a counting room, or office, in said building; that defendant was also the superintendent of the works of said company, and had charge of the factory building, office, &c. It also appears, that prior to January 1875, the plaintiff had been president and superintendent of said company, but at said time he ceased to be such, and the defendant was appointed to the place, which he held at the time of the acts complained of. It further appeared, that prior to the 14th day of December, 1875, there had been a misunderstanding between the parties as to the business of the company, and that an ill feeling existed between them. On the last named day, the plaintiff went into the office of the company, where the

defendant was engaged in business, and a verbal altercation arose between them, and the plaintiff ordered the defendant to leave the office. The plaintiff refused to go, but said he would when he had finished his business. The altercation continued, and the defendant again ordered the plaintiff to leave, which he refused to do, as before. The defendant then brought in assistance and removed the plaintiff from the building, and in doing this, inflicted the injury complained of.

Under the pleadings and the facts developed upon the trial, the question was, whether the defendant was justified in removing the plaintiff from the building in the manner he did; and this, of course, depended upon the question whether, under the circumstances of the case, he had the legal right to do so. If he had, and exercised that right in a proper manner, using no unnecessary force, then he is justified; and his justification does not depend upon the motive or the spirit in which the legal act was done. He may have been influenced by spite, ill will, or malice; but if he only did that which he had a right to do, he is not liable.

The court, in submitting the case to the jury, seem to have so presented it that the jury would naturally understand that the motive with which the act was done was the controlling consideration; the point on which they were to turn the case. It is to be noticed that the question was not whether the assault was made for the purpose of putting the plaintiff out of the building, or for the purpose of doing him an injury, and not to put him out. If it had been, the charge would have been more appropriate, and the case would have been similar to that of *Watrous* v. *Steele*, 4 Vt. 629. But here the whole case shows that the assault was made for the purpose of putting the plaintiff out; and the substantial injury was done in executing that purpose.

But it is said this court ought to presume that the other part of the charge was such as to cure the defect in the part given. There is nothing upon which to base such a presumption. We only know that the other part of the charge was not excepted to. In fact, it would be difficult to suppose a charge that would have such effect, as the court in this part present the motive of the defendant as the " hinge " upon which the whole case is to turn.

Judgment reversed and cause remanded.