125  483
c144  237

# Highland Avenue & Belt Railroad Co. v. Robinson, *pro ami*.

*Action against Railroad Company to recover Damages for Personal Injuries.*

1. *Action for negligence; sufficiency of complaint.*—In an action by a trespasser against a railroad company to recover damages for personal injuries, a complaint which avers that after the plaintiff got upon a car belonging to the defendant he "was wantonly, recklessly or intentionally injured by being kicked knocked or shoved from said car by the defendant through its servant or agent, while the said car was in motion, and in consequence thereof plaintiff was run over" and suffered the injuries complained of, states a sufficient cause of action and

[Highland Avenue & Belt Railroad Co. v. Robinson *pro ami.*]

charges willful injury, or injury resulting from wanton negligence of the defendant's servant or agent.

2. *Negligence; definition of reckless and wanton act.*—The word "recklessly" when used conjunctively with "wantonly" means something more than negligently; and when so conjoined they import a consciousness on the part of the person charged with the wrong that his conduct will probably result in injury, and yet with reckless indifference or disregard of the probable consequences, he does the act complained of, which constitutes wanton negligence.

3. *Same; same.*—While wantonness and recklessness used conjunctively import the same liability for resulting injury as intentional wrong, it is not essential to the right of recovery that the act or the omission to act constituting the wantonness and recklessness complained of should have been done with the intent to injure.

4. *Willful injury or wanton negligence; damages recoverable.* Damages are recoverable from an employer for injuries inflicted wantonly, recklessly or intentionally by his employés while acting within the general scope of his employment; and in such case punitive damages may be awarded.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by the appellee, William Robinson, by his next friend, against the Highland Avenue & Belt Railroad Company, to recover damages for personal injuries. The complaint contained but one count, and the averments of negligence in said count are set forth in the opinion. To this count of the complaint the defendant demurred upon the following grounds: 1. That said count is indefinite, uncertain and vague in that it is alleged therein in the alternative that the servants of defendant kicked, knocked, shoved or caused the plaintiff to fall from said car. 2. That if it be true, as alleged in said complaint, that defendant's servants recklessly caused plaintiff to fall from said car, it would at most, be simple negligence, and it is not averred in said complaint that the plaintiff was rightfully on the said car or that the defendant owed him any duty whatever. 3. For aught that appears in said complaint the plaintiff was wrongfully upon the cars on defendant's road, and although the defendant, by its servants or

agents, caused the plaintiff to fall from said car, the defendant would not have violated any contractual or other duty to him. 4· That the said complaint is indefinite, uncertain and insufficient in that it is alleged therein that the plaintiff was recklessly or intentionally kicked, knocked, shoved or caused to fall from said car, and the defendant is not informed how the alleged kicking, knocking or shoving was done, nor is defendant informed how plaintiff was caused to fall from the car. 5. That the complaint does not allege any facts which show that defendant is liable for the wanton or intentional act of its servant or agent as therein alleged. This demurrer was overruled and the defendant duly excepted. The cause was tried upon issue joined upon the plea of the general issue.

The evidence for the plaintiff tended to show that he climbed up on the side of one of the freight cars operated by the defendant, and that just after getting on the ladder the car moved off; that he was not in the employ of the defendant; that the conductor of the defendant, who was on top of the freight car that was being switched, commanded him to get off the car; that while he was climbing down the ladder the speed of the train increased, and before he could get off, the conductor put his foot on top of his shoulder and shoved him off, and in his fall his foot was caught under the wheels of the car and was cut off.

The evidence for the defendant tended to show that the plaintiff was a trespasser upon the car and that in getting off of the ladder, in obedience to the command of the conductor, he jumped off on the side of the track where it was rough, which caused him to fall and thereby sustain the injuries complained of, and that the conductor who was on said car, did not kick him or shove him off of the car.

The court, at the request of the plaintiff, gave to the jury the following written charges: (1.) "In order to a recovery by plaintiff it is not necessary that the jury believe that in kicking, knocking or shoving the plaintiff from the car (if the jury believe from the evidence he was so kicked, knocked or shoved) the conductor

actually desired to injure plaintiff." (2.) "It is not necessary for plaintiff to prove, in order to recover, that defendant or defendant's agent had any actual desire to injure him." (3.) "If the jury believe from the evidence that the defendant wantonly and recklessly or intentionally caused plaintiff's injuries as stated in the complaint, then the jury must find for plaintiff."

The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give the following written charges requested by it: (1.) "If the jury believe all the evidence they must find for the defendant." (2.) "I charge you that the defendant is not responsible to the plaintiff for the willful, wanton or intentional conduct of the conductor in injuring the plaintiff, if you believe there was such conduct and injury." (3.) "I charge you that you can not allow the plaintiff any punitive or vindictive damages under the evidence in this case." (8.) "I charge you that there is no evidence in this case to show that the conductor was acting within the scope of his agency as such conductor in kicking, knocking or shoving the plaintiff from the car, if you believe that he did so kick, knock or shove the plaintiff from the car." (9.) "There is no evidence in this case to show that the conductor was authorized by the defendant company to kick, knock or shove the plaintiff from the car, and even though the jury may believe from the evidence that the conductor did kick, knock or shove the plaintiff from the car, there is no evidence that the defendant ever, in any way, ratified, justified or approved this conduct of the conductor." (10.) "Unless the jury believe from the evidence that the defendant company authorized or directed the conductor to kick, knock or shove the plaintiff from the car, or subsequently ratified, justified or approved the willful and wanton act of the conductor in kicking, knocking or shoving the plaintiff from the car, then the jury must find for the defendant." (11.) "If the jury should find that the plaintiff was entitled to recover, in estimating his damages, they will allow only such sum as will compensate him, and can not add anything by way of punishment to the defendant."

There were verdict and judgment for the plaintiff assessing his damages at $2,500. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

ALEX T. LONDON and JOHN LONDON, for appellant. Demurrers to the complaint, as amended, should have been sustained. While very general allegations of negligence are held to be sufficient, it has always been ruled by this court that the plaintiff must aver facts, out of which a duty to act, or to refrain from action, springs, and that the defendant negligently failed to do, perform, etc.—*Leach v. Bush*, 57 Ala. 145; *Ensley v. Chewning*, 93 Ala. 24. Tested by this rule, this complaint seems to be wholly insufficient.—*Jefferson v. B. Ry. & E. Co.*, 22 So. Rep. 546; *M. & C. R. R. Co. v. Martin*; 23 So. Rep. 231-237. The court erred in its charges given at the request of plaintiff.—*Memphis & Charleston R. R. Co. v. Martin*, 23 So. Rep. 231-237; *H. A. & B. R. R. v. Sampson*, 112 Ala. 434.

It has often been held that where a plaintiff counts upon willful or wanton negligence, and the proof shows only simple negligence, for which damages are recoverable in case, there is a fatal variance between the *allegata* and *probata*.—*L. & N. R. R. v. Johnston*, 79 Ala. 436; *B. M. R. R. v. Jacobs*, 92 Ala. 187; *K. C. M. & B. R. R. v. Crocker*, 95 Ala. 432; *H. A. & B. R. R. v. Winn*, 93 Ala. 308. It is also held that a plea of contributory negligence is no answer to a complaint charging willful and wanton negligence.—*A. G. S. R. R. v. Frazier*, 93 Ala. 45; *L. & N. R. R. v. Watson*, 90 Ala. 68; *K. C. M. & B. R. R. v. Crocker, supra; L. & N. R. R. v. Markee*, 103 Ala. 160.

BOWMAN & HARSH, *contra.*—Quite a number of grounds of demurrer were assigned to the complaint, but they all aimed at its supposed failure to allege that the injury complained of was wantonly or intentionally inflicted. Some of the grounds assigned seem to ignore the fact that the conjunction "and" is used between the words "recklessly" and "wantonly," while another no-

tices this fact and seeks to make of it a misjoinder of cause of action.    Both of these points are settled against appellant in *Ga. P. Ry. Co. v. Ross*, 100 Ala. 490; *A. G. S. R. R. Co. v. Burgess*, 114 Ala. 587; *L. & N. R. R. Co. v. Anchors*, 114 Ala. 493.

To constitute "wanton" negligence, for which defendant would be liable to a trespasser on its train, it is not necessary that the agent inflicting the injury should have actually desired to inflict the injury—*L. & N. R. R. Co. v. Anchors*, 114 Ala. 492; *B'ham. Ry. & E. Co. v. Bowers*, 110 Ala. 331; *G. P. Ry. Co. v. Lee*, 92 Ala. 272; *L. & N. R. R. Co. v. Webb*, 97 Ala. 308; *A. G. S. R. R. Co. v. Burgess*, 116 Ala. 509.

It is too well settled in Alabama to be now open to dispute, that a railroad company is responsible for the willful, wanton or intentional conduct of its employees, including the conductors of its trains, within the line and scope of their duties.—*Gilliam v. S. & N. Ala. R. R. Co.* 70 Ala. 268; *Daniels v. Petersburg R. R. Co.*, 23 S. E. Rep. 327. Under the facts shown in the present case, plaintiff is entitled to recover exemplary or punitive damages.—*A. G. S. R. R. Co. v. Sellers*, 93 Ala. 9; *A. G. S. R. R. Co. v. Frazier*; 93 Ala. 45; *Wilkinson v. Searcy*, 76 Ala. 176; *A. G. S. R. R. Co. v. Arnold*, 80 Ala. 600; *R. & D. R. R. Co. v. Greenwood*, 99 Ala. 501; *Western Un. Tel. Co. v. Cunningham*, 99 Ala. 314; *Western Union Tel. Co. v. Seed*, 115 Ala. 670. Under the facts as shown in this case the jury were authorized to infer that the acts of the conductor complained of were within the line and scope of his authority.—*A. G. S. R. R. Co. v. Tapia*, 94 Ala. 226; *A. G. S. R. R. Co. v. Frazier*, 93 Ala. 46.

McCLELLAN, C. J.—Robinson, by next friend, prosecutes this action against the appellant railroad company.    The claim is of fifteen thousand dollars damages for that on a day named the plaintiff got upon a car belonging to the defendant and "was wantonly and recklessly or intentionally injured by being kicked, knocked or shoved from said car by the defendant through its servant or agent, while the said car was in motion; and

in consequence thereof, plaintiff was run over and was so badly cut, bruised and mangled that he lost one of his legs," etc., etc.   The gist of this complaint is that defendant's servant either wantonly *and* recklessly *or* intentionally inflicted the injuries complained of upon the plaintiff.   What follows as to plaintiff having been kicked, knocked or shoved off a moving car, is but the statement of the means by which the injury was inflicted; and it is wholly immaterial so long as the injury was wantonly and recklessly or intentionally inflicted whether it was effected by kicking, knocking or shoving.   The plaintiff, as the complaint is to be construed, was, of course, a trespasser, and the defendant had a right to put him off its car, and while, in the exercise of this right and to its assertion and effectuation, its servant may have had the right to *shove* him off, it by no means follows that he had the right to wantonly and recklessly or intentionally injure him by shoving him or by using any other means to get him off, nor does it at all follow that the company would not be liable for such injury.   The averment, in other words, involves this: that either intentionally, or, which is the same thing in legal effect, in wanton and reckless disregard of probable consequences, the defendant shoved the plaintiff off the car under such circumstances as that the injury which did ensue would probably ensue, and that the act was done by the defendant's agent with a consciousness of the probability of such result; and this is an apt definition of wantonness and willfulness under our decisions.   And taking the complaint to mean this, there is no room for the contention of appellant that it fails to properly state a cause of action, because under other circumstances than such as probably involve injury to the plaintiff the defendant's servants would have had the right to *shove* him off the car.

The word "recklessly" when used conjunctively with "wantonly" always means something more than "negligently."   The two words thus conjoined can never import less than such conscious disregard of and indifference to the probable consequences of the act to which

they refer as is the legal equivalent of willful misconduct and intentional wrong; and the assignments of demurrer which are rested on the idea that the use here of the word "recklessly" imports negligence only are without merit.

But while wantonness and recklessness conjunctively legally import the same as intentional wrong in respect of the guilty party's liability for resulting injury, an act may be done wantonly and recklessly and an injury may be wantonly and recklessly inflicted without an *intent* or *wish* on his part to inflict the injury: the law punishes not only where the act is characterized by a vicious intent, but also when it is committed without specific intent or desire to inflict injury, but with such heedless indifference to the consequences likely to ensue from it as amounts to a wantonness and recklessness as vicious and as justly meriting punishment as an affirmative evil intent.

That damages may be recovered from an employer for injuries inflicted wantonly and recklessly or intentionally by his employe while acting within the general scope of the employment is settled by the decisions of this court.—*Gilliam v. South & North Alabama Railroad Co.,* 70 Ala. 268; *Southern Railway Co. v. Wildman,* 119 Ala. 565; *Postal Telegraph Co. v. Brantley,* 107 Ala. 683.

And in such case there may be recovery of punitive damages.—*Western Union Telegraph Co. v. Seed,* 115 Ala. 670; *Western Union Telegraph Co. v. Cunningham,* 99 Ala. 314; *Alabama Great Southern Railroad Co. v. Sellers,* 93 Ala. 9; *Alabama Great Southern Railroad Co. v. Frazier,* 93 Ala. 45; *Louisville & Nashville Railroad Co. v. Whitman,* 79 Ala. 328.

The fact that the person who shoved, kicked or knocked plaintiff off the car, was the conductor of the train of which the car constituted a part, taken in connection with common knowledge as to the duties of a conductor, was quite enough to authorize the submission to the jury of the question whether his conduct toward the plaintiff was within the scope of his employment.

[Southern Building & Loan Association v. Rowe *et al.*]

The rulings of the trial court were in harmony with these views of the law, and its judgment must be affirmed.

Affirmed.