# Hart, *et al. v.* Jones.

### Assault and Battery.

(Decided November 4, 1915. Rehearing denied December 8, 1915.)
70 South. 206.)

1. **Assault and Battery; Defense; Ejection of Trespassers.**—One rightfully in the exclusive occupancy of property may eject trespassers, to protect his possession, if he uses no more force than is reasonably necessary; but such right of defense is not available to one who is himself at fault in bringing on the affray.

2. **Same; Presumption.**—Where a breach of the peace occurs because of the ejection of a trespasser from premises, the one invoking the defense of his possession of the premises has the burden of showing that he used no more force than was reasonably necessary.

3. **Same; Justification; Special Plea.**—The defense of the protection of the exclusive possession of realty is in justification, and must be specially pleaded to a civil action for an assault to be available.

4. **Same; Obstruction of Public Road; Right of Owner.**—Where the plaintiff stood his wagon in a public road and sold fruit therefrom, the owner of the land on both sides, and of the fee, was not justified in using force to protect his possession as against the trespass, since such possession was not exclusive and plaintiff's use of the road did not constitute an additional burden on the fee.

5. **Highway; Obstruction; Nuisance.**—Where a highway is obstructed with injurious consequences, a nuisance results, and the law affords a remedy to the one injured thereby.

6. **Assault and Battery; Liability; Damages.**—Where the individual defendant's assault was not disputed, and the only plea was the general issue, plaintiff was entitled to recover at least nominal damages against the individual, and such actual and compensatory damages as proximately resulted from the wrong.

7. **Corporations; Acts; Pleading.**—The corporation can only act through its agents, servants or employees, and an allegation that a corporation directed an assault is supported by proof of an assault by its officer while acting in its behalf.

8. **Same; President; Scope of Authority.**—In view of the provisions of § 5303, Code 1907, in an action against a corporation and its president for an assault committed, evidence that the person was president of the hotel company, that he granted concessions on the property of the company and in the streets laid out by it, and that in the controversy he declared that he was in charge of the property, and ordered plaintiff off, and directed a concessionee to lead plaintiff's wagon off the property, warranted the inference that he was president of the land company, and that in ejecting plaintiff he was acting in the scope of his authority to protect its property and concessionees, and was about its business in such a sense as to make the company liable for the assault.

[Hart, et al. v. Jones.]

**9. Evidence; Best and Secondary; Collateral.**—Evidence that the individual defendant, as president of the land company, in all the sales of its property forbade the sale of goods on the company's property, was admissible as tending to show a course of dealing shedding light on his conduct; and to show that in ejecting plaintiff he was about the company's business in protecting its property and concessions, and this being a collateral matter the best evidence thereof was not required.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

(This cause was reviewed by the Supreme Court on certiorari to the Court of Appeals, and is reported as *Ex Parte Bellview Highlands Land Company*, 195 Ala. 680, 70 South. 1012.—Reporter.)

Action by W. N. Jones against Loui Hart and the Bellevue Highlands Company for an assault and battery. Judgment for plaintiff, and defendants appeal. Affirmed.

Counts 1 and 2 were for simple assault and battery. Count 3 was for wanton, willful, or intentional assault and battery. Count 4 sets up the fact that plaintiff was in the public road where he had a right to be, in a locality commonly known as Bellevue Highlands, and was there set upon by defendants' beaten, etc., the defendant Bellevue Highlands Company, a corporation, in all things acting by and through its servants, agents, or employees, that plaintiff was not interfering with the legal rights of said defendants, and that said assault and battery was illegal, unlawful, and wholly unprovoked by plaintiff, and as a proximate consequence thereof plaintiff suffered much bodily pain and mental anguish, and incurred expense, etc., all because of said wanton assault and battery. The facts sufficiently appear.

The following charges were refused defendant: (2) You cannot find a verdict against defendant Bellevue Highlands Company.

(7) The court charges the jury that, under the undisputed evidence in this case, plaintiff was a trespasser, and was under the legal duty of moving away with his wagon when requested to do so by Mr. Hart.

(9) Plaintiff did not have the right to stand his wagon on the road and sell fruit and other merchandise therefrom against the wishes and consent of the owners of the abutting land.

(10) Under all the evidence in this case, plaintiff became a trespasser when he refused to leave after having been requested to do so.

[Hart, et al. v. Jones.]

(11) If plaintiff was notified to leave and refused, he became a trespasser, and defendant Hart had a right to cause the horse and wagon to be led away, if it could be done peaceably, and if in an attempt to lead the horse and wagon away peaceably, if such attempt was made, plaintiff assaulted Hart, or Hart's agent engaged in so leading the horse and wagon away, at a time when no assault was made or attempted on plaintiff, then plaintiff was at fault, and in the wrong in making such assault.

(12) If the Bellevue Hotel Company was the owner of the property through which the road extended, and on which road plaintiff's wagon was standing, then Hart, acting as president of the hotel company, and for the company, attempted to remove the wagon, and committed the assault on plaintiff, the verdict should not be against the Bellevue Highlands Company.

(14) I charge you Hart was not acting within the scope of his duty as president of the Bellevue Highlands Company in removing plaintiff as a trespasser from the property of the Bellevue Highlands Company.

(15) The court charges the jury that, if they believe all the evidence, they cannot find a verdict in favor of defendant against defendant Bellevue Highlands Company on the issues presented by the fourth count of the complaint. There was verdict and judgment for plaintiff in the sum of $1,000.

GOODHUE & BRINDLEY, for appellant. McCORD & DAVIS, for appellee.

BROWN, J.—(1, 2) One who is rightfully in the exclusive occupancy of realty, in order to protect his possession, has an undoubted right to eject trespassers who intrude thereon; but this right is not an unqualified right. In ejecting such trespasser, he must use no more force than is reasonably necessary (3 Cyc. 1071 [3, B, II] ; *Highland Ave. & Belt R. R. Co. v. Robinson*, 125 Ala. 489, 28 South. 28) ; and, if a breach of the peace ensues, resulting in an assault and battery, and the defense is invoked that the defendant committed the assault in ejecting a trespasser from his premises, he assumes the burden of showing that he used no more force than was reasonably necessary, and that he did not unnecessarily hurt or wound the wrongdoer, and the defense is not available if he who invokes it was at fault in bringing on the affray.—*Watrous v. Steel*, 4 Vt. 629, 24 Am. Dec.

648; *Wilkerson v. State,* 12 Ala. App. 100, 68 South. 475; *Hendrix v. State,* 50 Ala. 148; *Ward v. State,* 28 Ala. 53.

(3) This defense is in justification, and, to be available in a civil action for assault and battery, must be specially pleaded.— *Watrous v. Steel, supra; Mitchell v. Gambill,* 140 Ala. 316, 37 South. 290; *Barlow v. Hamilton,* 151 Ala. 634, 44 South. 657; *Morris v. McClellan,* 154 Ala. 639, 45 South. 641, 16 Ann. Cas. 305; *Morris v. McClellan,* 169 Ala. 90, 53 South. 155.

(4) If it be conceded that the place where the difficulty occurred was in a public road, that the defendants owned the land on both sides of the road, and the fee in the soil under the road, that Jones, by stopping his wagon in the road for the purpose of vending his wares, became a trespasser, as some authorities hold (*State v. Buckner,* 61 N. C. 558, 98 Am. Dec. 83; *Huffman v. State,* 21 Ind. App. 450; *Adams v. Rivers,* 11 Barb. [N. Y.] 390; *McDonald v. Newark,* 42 N. J. Eq. 138, 7 Atl. 855), yet the defendants' possession of the road was not exclusive, and their right in the fee to the soil on which the road was located was not such as to justify the use of force in protecting it. The use of the road in this manner did not constitute an additional burden on the fee, but, at most, a nuisance. In such cases what was said in *Hendrix v. State, supra,* is appropriate: "The public peace is a superior consideration to any one man's private property; and if individuals were once allowed to use private force as a remedy for private injuries, all social justice must cease, the strong would give law to the weak, and every man would revert to a state of nature."

(5) If a public highway is obstructed, with injurious consequences, a nuisance results, and the law affords a remedy to one injurious affected.—*Jones v. Bright,* 140 Ala. 268, 37 South. 79; *Stewart v. Conolly,* 123 Ala. 179, 27 South. 303; *Stetson v. Faxon,* 19 Pick. (Mass.) 147, 31 Am. Dec. 123, and note; Elliott on Roads and Streets (2d Ed.) §§ 665-669.

(6) The fact of the assault by Hart on the plaintiff is not disputed, in fact, is admitted; and, the only plea in the case being the general issue "not guilty," the plaintiff was entitled to recover against Hart at least nominal damages, and such actual and compensatory damages as proximately resulted from the wrong.

(7, 8) But appellants insist that the appellee failed in his proof as against the Bellevue Highlands Company, and the af-

[Hart, et al. v. Jones.]

firmative charge should have been given in its behalf, because: (1) All the counts involved the charge that the corporation directed and ordered its servants and agents to commit the assault and battery, and there is not even the slightest tendency in the evidence to show any corporate action on its part; and (2) if, under the pleadings, it was not incumbent on the plaintiff to show that the injury was the result of force applied directly by the corporation itself, as distinguished from force applied by its agent or servant within the scope of his authority, yet the evidence has no tendency to show that any agent or servant of the corporation, acting within the scope of authority, applied force resulting in injury to appellee.

To these contentions, after a consideration in banc of the evidence in the record, we cannot agree. As has often been held, a corporation, of necessity, can only act through its officers, agents, servants, or employees (*L. & N. R. R. Co. v. Dawson, infra,* 68 South. 674; *Sullivan v. Sullivan Timber Company,* 103 Ala. 372, 15 South. 941, 25 L. R. A. 543; *Beard v. Union & American Pub. Co.,* 71 Ala. 60); and the statute (Code, § 5303) recognizes the president of a corporation as its official head. The evidence offered on the trial tended to show that Hart was not only president of the Bellevue Hotel Company, but that he was president of the Bellevue Highlands Company, and that, as such, he had granted certain concessions to Moore and others to sell their wares upon the property of the corporation and the streets thereof laid out as the "Bellevue Highland"; that during the controversy between Hart and Jones he declared to Jones that he was in charge of the property, and ordered Jones to get off, and directed Moore to lead his wagon off of the property of the Bellevue Highlands Company. It was further shown that in all sales of property for the Bellevue Highlands Company made by Hart a provision was made in the conveyance forbidding the sale of "things" on the property or streets of Bellevue Highlands. The evidence was sufficient to afford an inference that the defendant Hart was president of the Bellevue Highlands Company, and that in seeking to eject Jones he was acting in the scope of his authority to protect the company's property and the concessions that it had granted to Moore and others to sell their wares on the property and streets of Bellevue Highlands; that is, that Hart, as president of the corporation, "was about his master's business," and, if so, it was liable.—*Bessemer Coal, Iron & Land*

*Co., et el. v. Doak,* 152 Ala. 174, 44 South. 627, 12 L. R. A. (N. S.) 389; *Highland Ave. & Belt R. R. Co. v. Robinson, supra;* 26 Cyc. 1528, 1531 (V, A, 3, b. II). None of the counts charge that the trespass was willful, wanton, or intentional, and even if they had, proof that the act was by the president, the official head of the corporation, while about his master's business and within the scope of his authority, would, in our opinion, sustain such averments.

(9) Evidence that Hart, as president of the corporation, in all sales of property inserted a clause in the deed of conveyance forbidding the sale of goods in the streets and property of the Bellevue Highlands, was not subject to the objection urged against it. The purpose of this evidence was not to prove the contents of any specific deed, but to show a course of dealings that had a tendency to shed light on the conduct of Hart at the time of the difficulty, as tending to show that he was about his master's business in protecting its property and the concessions granted to Moore and others. It was a collateral fact, and the best evidence was not required.—*Garrison v. Glass,* 139 Ala. 512, 36 South. 725; 3 Mayf. Dig. 460, § 482 et seq.

Application of the principles we have stated to the charges refused to the appellants and here complained of will demonstrate that they are either unsound or not applicable to the case as presented on the pleadings and proof.

We have considered all matters insisted upon in argument, and, as we find no error, the judgment of the city court is affirmed.

Affirmed.