156 So. 844

## DONNELL v. GREAT ATLANTIC & PACIFIC TEA CO.
### 6 Div. 562.

Supreme Court of Alabama.
Oct. 11, 1934.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

Crampton Harris and J. B. Ivey, both of Birmingham, for appellant.

Drennen & Perrine, of Birmingham, for appellee.

FOSTER, Justice.

This is an action for an assault and battery alleged to have been committed by an agent of defendant upon plaintiff.

Plaintiff's version is that defendant's butcher, who was also manager of the meat department of a store of defendant, without justification, assaulted and beat plaintiff while a customer in the store, and in and about the incident of attempting to make a purchase of meat.

Defendant's version is that the item sought to be purchased was of the sale price of 23 cents, and plaintiff gave him 20 cents and took the package, but refused to pay the 3 cents or return the package. Whereupon defendant's salesman reached for the meat with one hand and slapped his face with the other.

The sale was not complete, the title did not pass, and defendant's agent had the right to lay hands on him to prevent him from taking off the meat, provided he used only such force as was reasonably necessary. 2 R. C. L. 555, § 35; 5 C. J. 631; Riddle v. Brown, 20 Ala. 412, 56 Am. Dec. 202; Simpson v. State, 59 Ala. 1, 31 Am. Rep. 1; Brookside-Pratt Mining Co. v. Booth, 211 Ala. 268, 100 So. 240, 33 A. L. R. 417; Hart v. Jones, 14 Ala. App. 327, 70 So. 206.

In this case there is no phase of the evidence which justified defendant's agent in slapping plaintiff in the face or striking him in recapturing the merchandise, and in doing so he exceeded the degree of force which was reasonably necessary. We think the verdict should have been set aside and a new trial granted for that reason. This renders it unnecessary to consider other questions which will not probably arise on another trial.

Reversed and remanded.

ANDERSON, C J., and GARDNER and BOULDIN, JJ., concur.