MADDOX, Justice
(dissenting).
Because this case involves an unusual situation in which the perpetrator of a crime is suing the victim of that crime because the victim shot him while he was in the act of committing the crime, it would appear that the majority has reached the correct result in affirming the defendant’s summary judgment in this case. I was almost persuaded to concur in the result reached by the majority and say that this was the most “just, speedy and inexpensive” way to dispose of this case, Rule 1(c), Ala.R.Civ.P., but the law regarding the propriety of summary judgment convinced me that I could not join the majority, although I am of the firm opinion that the plaintiff would have had a hard time convincing a factfinder that the defendant Dunn was not justified in shooting him.
In order to conclude that summary judgment was appropriate here, the majority has to hold that Dunn was justified in shooting Bennett, as a matter of law. I cannot hold that the evidence shows that Dunn was justified in shooting Bennett, as *454 a matter of law; therefore, I must respectfully dissent.
Because this case involves the unusual situation where the perpetrator of a crime is suing the victim of that crime, I gave extra careful attention to the arguments made by the victim of this crime, and I examined very closely the principle of law cited to us by him that summary judgment exists “to prevent vexation and delay, improve the machinery of justice, promote the expeditious disposition of cases, and avoid unnecessary trials when no genuine issues of fact have been raised.” 10 C. Wright & R. Miller, Federal Practice & Procedure: Civil § 2712 (1973), as quoted in Donald v. City National Bank of Dothan, 295 Ala. 320, 323, 329 So.2d 92, 94 (1976). Nevertheless, I cannot hold, as a matter of law, that Dunn was justified in shooting Bennett, under all the facts and circumstances of this case.
Dunn cites the case of Suell v. Derricott, 161 Ala. 259, 49 So. 895 (1909), as authority for the proposition that the shooting in this case was justified. I think that case is distinguishable. There, the fact issue of justification for a shooting was tried before a jury, and this Court upheld a judgment based upon a jury verdict for the defendants in a wrongful death action and because that case was actually submitted to the jury, it is probably more apt authority for the proposition that whether a shooting is justified or not is generally a fact question based upon the circumstances of each individual case.
In Alabama, the general rule is that one can only use what reasonable force may be necessary to effectively prevent the unlawful taking or detention of property. Donnell v. Great Atlantic & Pacific Tea Co., 229 Ala. 320, 156 So. 844 (1934).
Dunn contends that summary judgment was proper and that his shooting of Bennett was justified in this case, as a matter of law, because he was defending himself and his family against danger, and, therefore, was justified in using “force to combat force, even to the point of killing the intruder if it be necessary to repel the danger.” While Dunn may present evidence at trial and argue that he used no more force than was necessary to defend himself and his family, I cannot hold, as a matter of law, that the force used here was justified.
As Professor Prosser states it, the rule is:
“[S]ince the law has always placed a higher value upon human safety than upon mere rights in property, it is the accepted rule that there is no privilege to use any force calculated to cause death or serious bodily injury to repel the threat to land or chattels, unless there is also such a threat to the defendant’s personal safety as to justify self-defense.”
W. Prosser, Law of Torts § 21, (4th ed. 1971) “Defense of Property,” at 115.
Consequently, whether Dunn was justified in shooting Bennett to prevent the theft of the truck, I believe, is a fact question, which Bennett has a legal right to present to a factfinder for resolution.
The second legal question is whether Dunn was justified in shooting Bennett, as a matter of law, because he did only what was reasonably necessary to defend himself and his family.
To show a valid case of self-defense or defense of others, Dunn must show a reasonable fear for his safety or that of his family. As this Court stated in Suell v. Derricott, 161 Ala. 259, 49 So. 895 (1909), cited to us by Dunn in support of his shooting of Bennett:
“ ‘If the person assaulted, being himself without fault, reasonably apprehends death or great bodily harm to himself unless he kill the assailant, the killing is justifiable.’ ...
“ * * *
“... There is also a rule of law that, in cases of self-defense, the party is not required to know the real fact, but he may act upon a reasonable and well-founded appearance and apprehension, and, whenever a man exercises the right of self-defense, he is understood to act on the facts as they reasonably appeared to him, or as they would appear to a *455 reasonable man, similarly situated; and if, without fault or carelessness on his part, he is misled concerning the facts, and defends himself according to what he reasonably supposes the facts to be, he is justifiable, though in truth the facts as they were reasonably supposed did not exist, and in fact he had no occasion for the extreme measure.”
161 Ala. at 269-71, 49 So. at 900.
As I have already pointed out, however, the justification issue in Suell was presented to a jury, properly instructed on the law of self-defense.
Whether Dunn was properly defending himself or others does turn on the reasonableness of his actions in light of the circumstances as viewed through his eyes, but whether he acted reasonably was a question of fact for the jury, and summary judgment was improper. Searight v. Cummings Trucking Co., 439 So.2d 81, 82 (Ala.1983).
I have found one other case which lends some support to the legal position I take. It involved a case where the alleged perpetrator of a crime sued the police. In Caplinger v. Carter, 9 Kan.App.2d 287, 676 P.2d 1300 (1984), arrestees brought an action against the arresting officers, the police chief, and the city, based on an alleged violation of their civil rights, and battery, allegedly committed upon them because the arresting officers used excessive force during and subsequent to their arrest. The court held that genuine issues of material fact existed on which liability could be established against the city or the police chief, because “[t]he reasonableness of the force used in making an arrest under all the circumstances is a question for the jury.” 9 Kan.App. at 293, 676 P.2d at 1305.
As I pointed out initially, I was almost persuaded to concur in the result reached in this case, and I take no delight in holding that the victim of this crime should have to defend himself in a lawsuit, but the law, as I understand it, states that even the perpetrator of a crime is entitled to have a factfinder determine whether the victim of that crime was justified in shooting him. So, I must be faithful to the law, as I understand it, and I must respectfully dissent.
BEATTY, J., concurs.