# Louisville & Nashville Railroad Co. v. Whitman.

*Action for Damages against Railroad Company, by Ejected Passenger.*

1. *Liability of railroad company for wrongful acts of agents or servants; vindictive damages.*— A railroad corporation is liable for all acts of wantonness, rudeness or force, done or caused to be done by its agents or servants, in or about the duties or business assigned to them, though in violation of the general rules or orders prescribed for ther conduct; and the rule as to vindictive damages for such acts, in actions against the corporation, is the same as in actions against natural persons.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Elijah Whitman against the appellant, a corporation operating the South and North Alabama railroad, to recover damages for personal injuries sustained in being ejected by violence from one of the defendant's passenger trains; and was commenced on the 5th January, 1885. The cause was tried on issue joined on the plea of not guilty, and resulted in a verdict and judgment for plaintiff, for $225. It was shown that the plaintiff, having purchased at Birmingham a ticket to Wheeling, a station on the Alabama Great Southern railroad, by mistake entered one of the defendant's trains, and, as his testimony tended to show, was forcibly ejected by defendant's servants, acting under the orders of the conductor, while the train was moving at the rate of about fifteen miles per hour; whereby he was thrown violently to the ground, and sustained serious injuries. The conductor and the brake-man, who were examined as witnesses for the defendant, denied that the plaintiff was forcibly ejected, but did not deny that he left or was put off the train while it was moving. An affirmative charge given by the court, and the refusal of two charges asked by the defendant, which are copied in the opinion of the court, are the only matters assigned as error.

HEWITT, WALKER & PORTER, for appellant.

[Louisville & Nashville Railroad Co. v. Whitman.]

WEBB & TILLMAN, *contra.*

STONE, C. J.—All the questions presented by this record, arose on charges given and refused. The testimony of and for plaintiff tended to show that he was forcibly, rudely and wantonly ejected from defendant's train, while it was running at the rate of about fifteen miles per hour, and that this was done under the command of the conductor of the train. Testimony for defendant was in palpable conflict with this. A question of the weight of evidence was thus presented, for decision by the jury. The verdict was for the plaintiff, and it is thus shown that the jury was convinced that rudeness and undue force, one or both, had been employed in removing plaintiff from the train.

The court instructed the jury that, if they found for the plaintiff, in estimating the damages, they " should consider plaintiff's mental suffering, whether such mental suffering was caused by terror and anxiety at the time he was thrown off the train, or from the indignity and insult to which he was subjected."

The charge asked by defendant, and refused, is in the following language : "If the jury believe from the evidence that, when a person is found on one of defendant's trains through mistake, the instructions given by defendant to the conductor managing such train are to stop the train, and put such person off; and if the jury further believe from the evidence that plaintiff was on the train of the defendant through mistake; and if the jury further believe from the evidence that, when the defendant's conductor found the plaintiff on the train, he did not stop the train, but seized the plaintiff, or caused the plaintiff to be seized and thrown from the train ; then said acts of the conductor in thus removing the plaintiff from the train were not within the scope of the conductor's employment and authority." There was a second charge asked and refused, with substantially the same hypothesis and conclusion as those stated above, with the superadded clause, that " the defendant is not responsible therefor," unless the defendant had given such direction, or had ratified the act after being informed of it. Plaintiff's phase of the testimony justified the hypothesis of these charges, and hence they were not abstract.

There was no error in either of these rulings. The clearly established doctrine now is, that railroad corporations are liable for all acts of wantonness, rudeness or force, done, or caused to be done, by their agents and employees, if done in and about the business or duties assigned to them by the corporation ; and the rule for vindictive or punitive damages against such corporations, for abuse by their employees of the duties and

[Ware v. Swann & Billups.]

powers confided to them, is the same as that which applies to natural persons, who are guilty of similar misconduct. It is confined, however, to abuses perpetrated in the line of duties assigned them, and does not extend to any tort, wantonness, or wrongful act the employees may commit, in matters not connected with their services to the railroad corporation. In the line of their assigned duties, they stand in the place of the corporation ; without that line, the corporation is bound by nothing they may do.—1 Sedgw. Dam. *136, n. a.; *Goddard v. Gr. Tr. Railway Co*, 57 Me. 202 ; *Meagher v. Driscoll,* 99 Mass. 281; *Hawes v. Knowles,* 114 Mass. 518; *Atl. & Gr. W. Railway Co. v. Dunn,* 19 Ohio St. 162 ; *Jeffersonville R. R. Co. v. Rogers,* 38 Ind. 116 ; *Singer Manf. Co. v. Holdfadt,* 86 Ill. 455 ; *Caldwell v. N. J. Steamboat Co.,* 47 N. Y. 282 ; *S. & N. Ala. R. R. Co. v. McLendon,* 63 Ala. 266 ; 2 Sedg. Dam. (7th Ed.), 328, note; *Railroad Co. v. Hanning,* 15 Wallace, 649.

The judgment of the City Court is affirmed.