# Louisville & Nashville R. R. Co. v. Dawson.

### Injury to Passenger.

#### (Decided May 13, 1915.   68 South. 674.)

**Corporations; Actions; Venue.**—The evidence examined, and it is held that the company was doing business within Coffee county in such a manner as authorized it to be sued in that county within the provisions of § 6112, Code 1907.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by T. J. Dawson against the Louisville & Nashville Railroad Company, for damages for injuries sustained while a passenger. Judgment for plaintiff and defendant appeals. Affirmed.

R. H. ARRINGTON, for appellant.   W. W. SANDERS, for appellee.

BROWN, J.—This is an action for personal injuries inflicted on the appellee through the alleged negligence of the defendant, its servants or agents, while he was a passenger on the defendant's train, the injuries occurring in Geneva county, and it is conceded as a fact that the plaintiff resided in Coffee county at the time the suit was brought. It is also admitted by the defendant that at the time the suit was filed the defendant was engaged in the business of operating a railroad for the carriage of freight and passengers running through Coffee county, over which it operated its trains daily; that some time prior to the commencement of the suit the defendant maintained a depot at "Pink, or Kingston, Ala.," in Coffee county, in connection with the ordi-

nary business of the defendant of transporting freight and passengers, and during that time regularly employed a station agent at its depot, but at the time suit was filed no such depot agent was employed, and none had been employed since, but that its freight and passenger trains stopped at said station, and the agents and servants of the defendant delivered and received freight, accepted and discharged passengers; that on freight delivered charges had been prepaid, and on freight received charges were collected at destination; and that the fares were collected by the conductor from passengers when they entered the train. It was also admitted that the building formerly used for a depot was on the defendant's premises, and that at the time the suit was filed it was used by the public transacting business with the defendant, as occasion required for the storage of freight and for the convenience of passengers, and in this way the defendant engaged in business in Coffee county, Ala.

On these facts we entertain no doubt that the defendant, at the time the suit was filed, was engaged in "doing business by agent" in the county of plaintiff's residence, within the meaning of section 6112 of the Code of 1907.—*Sullivan v. Sullivan Timber Co.*, 103 Ala. 372, 15 South. 941, 25 L. R. A. 543; *Beard v. U. & A. Pub. Co.*, 71 Ala. 60; *International Cotton Seed Oil Co. v. Wheelock*, 124 Ala. 367, 27 South. 517; *Southern Ry. Co. v. Harrington*, 166 Ala. 633, 52 South. 57, 139 Am. St. Rep. 59; *Alabama Western Ry. Co. v. Wilson*, 1 Ala. App. 308, 55 South. 932.

In *Sullivan v. Sullivan Timber Co.*, supra, the court observed: "In such counties, while doing business there, the Constitution subjects the corporation to suit, as well as within its domicile, or 'known place of business.' But it must be observed that the essential fact, upon which the liability to suit in other counties depends, is that it 'does business' in such counties. * * * When a foreign corporation 'does business' within the state, of necessity the business is done by and through agents; and the necessity is recognized by the Constitution and by the statute. It is not within the purview of either, that the corporate organization, or its head or principal officer, will migrate into the state. The corporation dwells in the sovereignty of its creation, and its organization there remains, as defined and declared by the law from which corporate existence is derived. It is contemplated that in this state, and in more than one of its counties, the cor-

poration may have a visible existence by the presence of agents authorized to act for it, exercising such of its powers as may be entrusted to them; making such contracts and transacting such business as may fall within the scope of the authority conferred. * * * The real test is that applied in *Beard v. U. & A. Publishing Co., supra*: Is the corporation engaged in the transaction of business, or any part thereof, it was created and organized to transact? If it be, it 'does business' within the meaning of the Constitution."

The result is that the affirmative charge as to the issue presented by defendant's plea in abatement was properly given.

This disposes of the only question presented for review, and the judgment of the circuit court is affirmed.

Affirmed.