(86 South. 466)

## THORN v. HENRY. (8 Div. 279.)

(Supreme Court of Alabama. Oct. 21, 1920.)

**1. Appeal and error ⬡1078(4)—Assignments without argument or authorities not considered.**

Assignments of error, mere assertion without argument or authorities cited, that error was committed in the admission or rejection of evidence, will not be considered.

**2. Malicious prosecution ⬡58(1)—Evidence as to holding office held admissible.**

In action for malicious prosecution, there was no error in allowing plaintiff to show that at the·time of his arrest for larceny on defendant's affidavit he was a justice of the peace.

**3. Malicious prosecution ⬡59(1), 60(1)—Evidence of ownership of property charged to have been stolen held admissible.**

In an action for malicious prosecution on the charge of larceny, evidence as to ownership of the property held admissible on issue of malice and probable cause.

**4. Appeal and error ⬡1058(1)—Refusal to permit repetition of previous testimony not prejudicial.**

Refusal to permit testimony which would have been in repetition of testimony which had been given in full held not prejudicial.

**5. Malicious prosecution ⬡59(4)—Testimony as to character held mere rumor and inadmissible.**

In an action for malicious prosecution on a charge of larceny exclusion of defendant's testimony as to whether he had heard anything derogatory with reference to plaintiff as to his taking property not belonging to him held proper, being testimony as to mere rumor.

**6. Malicious prosecution ⬡59(4)—Evidence as to character admissible on issue of probable cause.**

General bad character of the plaintiff and information of a definite character pertaining to his conduct, given by third persons to the defendant at or before the prosecution was instituted, is admissible on issue of probable cause.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Action by William Henry v. J. K. P.·Thorn for damages for maliciously and without probable cause causing plaintiff's arrest. Judgment for plaintiff and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Plaintiff, who was a justice of the peace in Colbert county, was arrested on a charge of petit larceny on a warrant issued by Judge Hargett, judge of the county court, based upon an affidavit made by the defendant. The affidavit, warrant, and minutes of the court were introduced in evidence, over the objection of the defendant. The minutes of the court showed that· the defendant in the warrant had been discharged. The affidavit showed the larceny of a press screw, and the evidence for the plaintiff tended to show that the plaintiff here bought the press screw from a Mr. Black, and carried it to Sheffield and sold it. Mr. Jim Orman was county solicitor, and a reputable practicing attorney, and the evidence tended to show that the defendant here told him all the facts in the possession of the defendant here relative to the press screw, and that the solicitor advised the prosecution. The exceptions to evidence sufficiently appear.

William L. Chenault, of Russellville, for appellant.

The defendant made a full and fair statement to a reputable attorney and acted on his advice. This was a complete defense. 73 Ala. 42; 116 Ala. 646, 22 South. 900; 202 Ala. 425, 80 South. 809. His actions must have been, not only malicious, but without probable cause. 5 Ala. App. 522, 59 South 694. Plaintiff's general reputation was admissible. 27 Ala. 458, 62 Am. Dec. 773. Counsel discuss other assignments, but without citation of authority.

Travis Williams, of Russellville, for appellee.

No brief reached the reporter.

McCLELLAN, J. [1] The plaintiff, appellee, had judgment against the defendant, appellant, for $100 damages, for malicious pros-

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ecution. There are many errors assigned, all directed to rulings on the admission or rejection of evidence; but, since mere assertion, without argument or authorities cited, that error was committed in certain of the particulars noted in assignments, is not a sufficient insistence to deserve review, a large proportion of the assignments cannot be considered. Pretermitting a discussion of those assignments that are obviously without merit, we will advert only to those that are sufficiently insisted upon in brief to require review.

[2] There was no error in allowing plaintiff to show that he was, at the time of his arrest for larceny, on defendant's affidavit, a justice of the peace. Furthermore, this fact was repeatedly given in evidence by both parties, without objection, in later stages of the trial.

[3-6] The ownership of the chattel defendant had charged plaintiff with stealing, and the derivation thereof, were of the issues litigable in the cause. These matters bore upon the issues of malice and probable cause vel non. No error attended the reception of evidence touching ownership, etc., of the chattel. Since the defendant repeatedly testified that he made to the county solicitor a recital of all the facts and circumstances he knew relating to plaintiff's guilt of the larceny charged, no prejudice resulted to defendant from the refusal of the court to permit further repetition in the premises as noted in assignment of error numbered 15. On the examination in chief of the defendant (appellant) this question was propounded:

"Mr. Thorn, at the time you made that affidavit, and before that time, had you heard anything derogatory with reference to this defendant in that community with reference to taking property that did not belong to him?"

The objection was general in its grounds, and was sustained. There was no error in this ruling. General bad character of the defendant is admissible under the issue of probable cause vel non. Martin v. Hardesty, 27 Ala. 458. Information, of a definite character, pertaining to conduct of the accused given by third persons to the prosecutor at or before the prosecution was instituted, is admissible for the consideration of the jury, along with the other evidence, on the issue just indicated. Gulsby v. L. & N. R. R. Co., 167 Ala. 122, 130, 132, 52 South. 392; Fowlkes v. Lewis, 10 Ala. App. 558, 559, 65 South. 724, opinion by Walker, P. J.; Jordan v. A. G. S. R. R. Co., 81 Ala. 220, 8 South. 191. For enlightening annotation, see L. R. A. 1915D, 1, 78, et seq.

The question quoted does not come within the rule just stated. The structure of the question justifies its interpretation as calling for a mere rumor, an indefinite character of information from an undesignated source. So interpreted, the question was properly excluded on general objection.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.