137 So.2d 57

**Cliff BAXTER**

**v.**

**STATE.**

**8 Div. 805.**

Court of Appeals of Alabama.

Jan. 23, 1962.

Lusk & Lusk, Guntersville, for appellant.

MacDonald Gallion, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Tommy R. Ogletree, Legal Research Aide, for State.

HARWOOD, Presiding Judge.

This appellant stands convicted of the offense of trespass after. warning, as denounced by Sec. 426, Tit. 14, Code of Alabama 1940.

The complaint, in that part material to this review, charges that the appellant "without legal cause or good excuse entered upon the premises of E. A. McGee after having been warned within six months preceding not to do so, contrary to law," etc.

The only witness presented by the State in the proceedings below was Mrs. Juddie McGee, who is not otherwise further identified.

She testified that she had lived for fourteen years on Dunlap Avenue in Guntersville, Alabama. On the night of 20 August 1960, she saw the appellant at the place she lived. According to Mrs. McGee:

"He come and knocked on the door. I went to the door. He wanted to know who I was, looking right straight up at the top of the house. Wasn't looking at me at all. I told him to go ahead and leave me alone. If he had anything to tend to to go ahead and do it."

Mrs. McGee further testified that the appellant called her telephone day and night, and would use profanity and abusive language.

In response to a question to Mrs. McGee as to whether she had ever told the appellant "to stay away and to leave" her alone, the record shows the following:

"A  I asked him to please quit calling me on the telephone. He was disturbing my night's sleep. I was sick most of the time and couldn't get off the bed. That telephone continued to ring. I had to set the receiver off the hook to get any sleep.

"Q  In any of these telephone conversations did you tell him to stay away from you?

"A  To go and leave me alone. To stay away from me. I had never both-

ered him. Hadn't caused him to do me any such way, no way at all.

"Q You never have done anything?

"A Never have bothered him. I have tried to get him to do right. I have talked to him and tried to get him to do right."

The above constituted the State's evidence.

This appellant was not represented by counsel in the trial below. However, he did procure counsel after his conviction, and a motion for a new trial was timely filed. This motion contains numerous grounds, many of which question the sufficiency of the evidence, generally and specifically, as to the proof of the required elements to support the judgment.

 The constituent elements of the offense of trespass after warning are, (1) a due warning not to come upon the premises by the person in possession of the premises, or by his agent or representative, and (2) a subsequent wrongful entry upon the premises within six months of such warning.

Possession of the premises is essential, Matthews v. State, 81 Ala. 66, 1 So. 43, and must be proved. Huff v. State, 16 Ala.App. 345, 77 So. 939. Further, there must be a warning by the person in possession, or his agent or representative. Central Iron & Coal Co. v. Wright, 20 Ala.App. 82, 101 So. 815.

The complaint charged that the appellant trespassed upon the premises of E. A. McGee. E. A. McGee was never alluded to in the evidence below. The only evidence in the record as to the possession of any premises was that of Mrs. Juddie McGee to the effect that she had lived on Dunlap Avenue in Guntersville, Alabama, for fourteen years. This evidence in no wise tended to show a trespass upon the premises of E. A. McGee, or that E. A. McGee was possessed of any premises subject to being trespassed upon.

Nor can we find in the testimony any evidence tending to show that this appellant was warned not to trespass upon the premises of E. A. McGee. Mrs. Juddie McGee testified merely that upon the appearance of the appellant at the door, she had told him to go away and leave her alone, and, "If he had anything to tend to to go ahead and do it." This was not a warning not to trespass, nor even a notice to leave any premises, since she gave appellant, by implication, permission to remain on the premises where she was, if he had anything to attend to. Her further testimony was to the effect that she had told appellant to stop calling her on the telephone.

There is, in our opinion, no evidence tending to establish any of the essential elements of trespass after warning. Under such circumstances no presumption or intendment in favor of the court's judgment can be indulged. This judgment is therefore due to be reversed.

Reversed and remanded.